UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HUNG HA,<br><br>    Plaintiff,<br><br>  vs.<br><br>SWEET B. et al,<br><br>    Defendants. | Case No: C 09-1392 SBA<br><br>**ORDER DISMISSING ACTION** |

Plaintiff Hung Ha ("Plaintiff") filed the instant pro se action on March 30, 2009, against various U.C. Berkeley police officers and two employees who work at the university's Recreational Sports Facility ("RSF"). He has filed an application to proceed in forma pauperis ("IFP"). As will be set forth below, the Court dismisses the federal claims under 42 U.S.C § 1983 without leave to amend and declines to exercise supplemental jurisdiction over the remaining state law causes of action.[1]

I.  **BACKGROUND**

On Sunday evening, March 29, 2009, between approximately 6:15 p.m. and 7:00 p.m., Plaintiff entered an unspecified athletic stadium located on the U.C. Berkeley campus to exercise. U.C. Berkeley Patrol Officer Sweet approached Plaintiff and directed him to leave the stadium, but he refused to do so. Officer Sweet left momentarily and then returned with U.C. Berkeley Officers Sato and Murray. Officer Sato asked Plaintiff to show his identification, which he did. The officers then gave him the option of signing a citation for trespass or be taken to jail. Plaintiff said

---

[1] Plaintiff, who claims in prior actions to have attended law school, has filed numerous actions in this Court and apparently has been declared a vexatious litigant in state court. In Ha v. McGuiness, C 07-3777 SBA, Plaintiff filed suit against various California state court personnel in connection with having been declared a vexatious litigant. In Ha v. Burr, C 07-4699 SI and C 04-4464 SI, Plaintiff sued a litany of state court judges and others in connection with a state court conviction. All actions were dismissed by the Court.

he would sign the citation.  Plaintiff then asked Officer Murray to use his camera phone to take pictures of his feet.  Officer Murray refused.  Officer Sato then informed Plaintiff that he would not cite him, provided that he complied with Officer Sweet's direction to leave the stadium.  Plaintiff refused to comply and asked for the citation.  Officer Sato declined and instead issued Plaintiff a stay away order prohibiting Plaintiff from entering the U.C. Berkeley campus.

Plaintiff claims that the officers' conduct was illegal and performed at the direction of Kevin Thompson, the Director of the U.C. Berkeley RSF, allegedly in response to events occurring in December 2008.  On December 4, 2008, Plaintiff claims that he was exercising in Gold's Gym located inside RSF.[2]  An unidentified female worker instructed Plaintiff to leave, which he did.  Plaintiff continued exercising outside but then returned to the RSF locker room and started to take a shower.  The worker appeared with U.C. Berkeley Officers Meceli and Long, who ordered Plaintiff to clear out his locker and leave.  In addition, the worker wrote a report and permanently banned Plaintiff from RSF.  Mr. Thompson subsequently revoked Plaintiff's RSF membership.

Plaintiff also complains about an incident on December 19, 2008.  On that date, RSF employee Sonia Lam ordered Plaintiff to wear shoes instead of sandals in the facility.  Plaintiff refused to comply and left.  Plaintiff returned to ask for Ms. Lam's name.  Ms. Lam summoned a security guard who escorted Plaintiff from the building.

Plaintiff alleges 33 separate claims against Officers Sweet, Sato, Miceli, Long and RSF employees Sonia Lam, Kevin Thompson and another unnamed female employee.  Claims 1 through 8 are allege violations under 42 U.S.C. § 1983 based on alleged violations of his First, Fourth Amendment and Fourteenth Amendment rights.  He also alleges a violation of 42 U.S.C. § 1985.  The remaining 25 claims are based on a myriad of state law causes of action.  Plaintiff requests the following relief:  monetary damages; statutory damages under state law; a determination that he is a student of U.C. Berkeley; termination of the officers and RSF Director Thompson; to vacate the stay away order and declare it void; and punitive damages.

---

[2] The Court takes judicial notice of the fact that Gold's Gym is not located inside RSF. RSF is gym and sports facility for U.C. Berkeley students, faculty and alumni.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  A pleading filed by a pro se plaintiff must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## III.    DISCUSSION

### A.    THE STADIUM INCIDENT

Title 42, United States Code, section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States.'"  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  See Graham v. Connor, 490 U.S. 386, 393-94 (1989).  To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).  Since there is no respondeat superior liability under section 1983, Monell v. Dept. of Social Serv., 436 U.S. 658, 691 (1978), individual liability may be imposed only if the defendant knew of or participated in activities connected to the alleged section 1983 violations.  Ortez v. Wash. County, 88 F.3d 804, 809 (9th Cir. 1996).

Plaintiff contends that the Officers Sweet, Murray and Sato violated his constitutional rights by confronting him at the stadium and issuing a stay-away order.  Given that Officer Sato is allegedly a U.C. Berkeley police officer as opposed to a judicial officer, it is unclear on what basis Plaintiff is alleging that the officer had the authority to issue a stay away order.  In any event, in order to recover damages in this action, Plaintiff must show that the stay away order or citation issued by the officer was declared invalid by a state tribunal authorized to make such determination

or that it was called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (holding that a plaintiff cannot seek to "recover damages for [an] allegedly unconstitutional conviction ..., or for other harm caused by actions whose unlawfulness would render a conviction ... invalid," unless conviction has been reversed or set aside); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [the plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.").[3]  Since a judgment in this action necessarily would undermine the validity of the stay away order, this Court cannot adjudicate Plaintiff's section federal claims unless or until that order has been invalidated by a state court.

### B.  THE RSF INCIDENTS

In the December 4, 2008 incident, Plaintiff alleges that an unidentified worker expelled him from RSF, and when he returned to the facility without permission, she directed Officers Meceli and Long to remove him. Plaintiff claims that the unidentified worker wrote a report which led to the revocation of his RSF membership privileges. Plaintiff has failed to identify any basis for imposing individual liability under section 1983. He has not alleged the existence of, nor is the Court aware of any, a constitutional right to use the RSF facilities. In addition, by Plaintiff's own admission, he disobeyed the employee's instructions to leave the facility and returned to take a shower. At that point, he was trespassing and she had every right to seek the assistance of law enforcement to seek his removal.[4]

For similar reasons, any federal civil rights claims against Officers Meceli and Long also fail. The facts reveal no violation of Plaintiff's constitutional rights. Neither officer is alleged to

---

[3] Heck aside, the facts alleged demonstrate that no constitutional violation occurred. Although Plaintiff alleges that his first amendment rights were violated, he has not alleged that he was engaged in any expressive conduct. See City of Dallas v. Stanglin, 490 U.S. 19, 25-26 (1989); United States v. O'Brien, 391 U.S. 367, 376 (1968). Nor were Plaintiff's fourth amendment rights implicated given that the officers did not search Plaintiff or seize any property or his person. Florida v. Royer, 460 U.S. 491, 497-498 (1983).

[4] To the extent that Plaintiff is attempting to sue any U.C. Berkeley employee in his or her official capacity, such a claim is barred by the Eleventh Amendment. Thompson v. Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). It is equally well-established that state employees sued in their official capacity as state officials are also entitled to Eleventh Amendment immunity. See Students for a Conservative Am. v. Greenwood, 378 F.3d 1129, 1130 (9th Cir. 2004).

1 have done anything other than follow the employee's request to remove Plaintiff, who admits that
2 he was trespassing.  Moreover, a reasonable officer could believe that asking a trespasser to leave
3 the RSF was lawful.  As such, as an alternative matter, the officers are entitled to qualified
4 immunity under the fact alleged.  See Saucier v. Katz, 533 U.S. 194, 201 (2001) (qualified
5 immunity applies when officers could have reasonably believed that their conduct was lawful).
6      Equally without merit is Plaintiff's claim regarding the incident occurring on December 19,
7 2009.  RSF worker Sonia Lam instructed Plaintiff to change from sandals into shoes, which is
8 entirely reasonable for safety reasons given that he was in a recreational sports facility.  The Court
9 is aware of no constitutional right to wear a particular style of footwear at RSF.
10      Since no amendment can cure that fundamental flaws inherent in Plaintiff's federal claims,
11 the Court dismisses them without leave to amend.  See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530
12 (9th Cir. 1995) (leave to amend unnecessary where amendment would be futile).[5]

### C. SUPPLEMENTAL STATE LAW CAUSES OF ACTION

14      With regard to Plaintiff's remaining state law claims, the Court dismisses them as well.
15 "The district court may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C.
16 § 1367(a)] if ... the district court has dismissed all claims over which it has original jurisdiction."
17 Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  "A district court's decision
18 whether to exercise that jurisdiction [under section 1367(a)] after dismissing every claim over
19 which it had original jurisdiction is purely discretionary."  Carlsbad Technology, Inc. v. HIF Bio,
20 Inc., 129 S.Ct. 1862, 1866 (2009).  Here, the sole basis of federal jurisdiction is Plaintiff's section
21 1983 claims, which the Court have dismissed.  Given the early stage of these proceedings and the
22 predominance of state law claims, the Court exercises its discretion and declines to assert
23 supplemental jurisdiction over them.

---

[5] The claims based on the stadium incident on March 29, 2009 are dismissed without prejudice and may be reasserted in a new action, if and when, the stay away order is declared invalid.

IV.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT all federal claims alleged in the Complaint are dismissed without leave to amend.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law causes of action, which are dismissed without prejudice to presenting them in a state court action.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  July 15, 2009                                   _____
                                                                            Hon. Saundra Brown Armstrong
                                                                            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

        Plaintiff,

  v.

SWEET,B. et al,

        Defendant.
                              /

Case Number: CV09-01392 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hung Ha
P.O. Box 367
Berkeley, CA 94701-0367

Dated: July 16, 2009
                              Richard W. Wieking, Clerk

                              By: LISA R CLARK, Deputy Clerk