1

2                          UNITED STATES DISTRICT COURT

3                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                  OAKLAND DIVISION

5

6    HUNG HA,                                    Case No:  C 09-1392 SBA

7               Plaintiff,                        **ORDER**

8          vs.                                    Docket 9, 10, 12, 13, 16

9    SWEET B. et al,

10              Defendants.

11

12         Plaintiff Hung Ha ("Plaintiff") filed the instant pro se action on March 30, 2009, against

13   University of California at Berkeley police officers and two employees at the university's

14   Recreational Sports Facility.  He alleged federal claims under 42 U.S.C. § 1983 as well as

15   various state law causes of action.  On July 16, 2009, the Court dismissed the action under 28

16   U.S.C. § 1915(e)(2) as to the federal claims and declined to assert supplemental jurisdiction

17   over the state law claims, 28 U.S.C. § 1367(a).  Subsequent to the Court's ruling, Plaintiff filed

18   a slew of motions.  In addition, on March 5, 2010, Plaintiff paid the $350 filing fee.  The Court

19   addresses these developments below.

20   **I.      MOTION FOR DISQUALIFICATION**

21         Plaintiff moves to disqualify the undersigned under the provisions of 28 U.S.C. § 455,

22   which provides that "[a]ny justice, judge, or magistrate judge of the United States shall

23   disqualify himself in any proceeding in which his impartiality might reasonably be

24   questioned."   In analyzing a section 455(a) disqualification motion, the Court applies an

25   objective test:  "whether a reasonable person with knowledge of all the facts would conclude

26   that the judge's impartiality might reasonably be questioned."  Clemens v. U.S. Dist. Court for

27   Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (internal quotation marks

28   omitted).  The question is "whether a reasonable person perceives a significant risk that the

1  judge will resolve the case on a basis other than the merits." Id. (quoting In re Mason, 916 F.2d

2  384, 385 (7th Cir.1990)).

3      As an initial matter, Plaintiff's request for recusal is moot, as this action has been

4  dismissed.  That aside, Plaintiff has not presented grounds for recusal.  In the verified affidavit

5  accompanying the motion, Plaintiff states that he has filed numerous cases in state and federal

6  courts in the San Francisco Bay Area and has "studied the behavior of judges and justices of

7  appelalte [sic] court throughout these many years."  Mot. at 2.  Based on those studies, Plaintiff

8  has concluded that "bad-faith judicial acts are present everywhere in the writings of judicial

9  officers," including the undersigned.  Id.  He takes exception to having been declared a

10  vexatious litigant by other courts, and claims that the undersigned "considers [him] a vexatious

11  litigant" as well.  Id. at 3.  Beyond these general and conclusory assertions, Plaintiff fails to

12  offer any facts demonstrating that recusal under 28 U.S.C. § 455(a) is necessary or appropriate.

13  Therefore, Plaintiff's motion for recusal is DENIED.

14  **II.   MOTION FOR NEW TRIAL**

15      Plaintiff has filed a motion for a new trial pursuant to Federal Rule of Civil Procedure

16  59(e), which the Court liberally construes as a motion for reconsideration.  See Fuller v. M.G.

17  Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th

18  Cir.1985).  "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the

19  motion is 'necessary to correct manifest errors of law or fact upon which the judgment is

20  based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;'

21  3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change

22  in controlling law." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir.

23  2003) (citations omitted).  A district court has "considerable discretion" in considering a Rule

24  59(e) motion.  Id.  Relief based on this rule generally is reserved for "highly unusual

25  circumstances."  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263

26  (9th Cir. 1993).

27      Here, Plaintiff's motion consists of little more than an eleven-page rambling diatribe in

28  which he accuses the undersigned as well as other unspecified federal and state court judges of

being biased against him.  Aside from purporting to cite the Rule 59 standard, Plaintiff fails to provide the Court with any cogent argument sufficient to persuade the Court to reconsider its prior ruling.  At best, Plaintiff does nothing more than reargue the merits of his complaint, which is an insufficient basis to warrant reconsideration.  See Costello v. United States Gov't, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment").  Accordingly, the Court, in its discretion, DENIES Plaintiff's motion for reconsideration.  (Docket 9, 10.)

III.   **MOTIONS FOR EXTENSION OF TIME/PAYMENT OF FILING FEE**

Plaintiff moves for an extension of time to pay the filing fee in this action and for an extension of time to file an appeal.  (Docket 10, 13, 15)  He also has tendered a filing fee in the amount of $350 to the Clerk of the Court.

At the time Plaintiff commenced this action, he did not pay a filing fee.  Instead, he filed a request to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.  (Docket 3.)  By proceeding in that manner, the strictures of section 1915(e)(2) became germane.  This statute provides that "the court shall dismiss the case" if it determines that (1) "the allegation of poverty is untrue" or (2) that the action is frivolous or malicious, fails to state claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Here, the Court determined that Plaintiff failed to state a claim and thus dismissed the action.

The Court's ruling under section 1915(e)(2), however, does not prevent Plaintiff from presenting his claims in a separate complaint (opened as a *new* action) accompanied by a filing fee.  "Dismissals under the in forma pauperis statute are in a class of their own, acting not as dismissals on the merits but, rather, as denials of in forma pauperis status."  Marts v. Hines, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc); see also Denton v. Hernandez, 504 U.S. 25, 34 (1992).  Thus, a dismissal of a complaint filed in forma pauperis does *not* preclude "the

1  subsequent filing of a fee-paid complaint making the same allegations." <u>Marts</u>, 117 F.3d at

2  1505.

3      In this case, Plaintiff paid the $350 filing fee *after* the Court already dismissed the

4  Complaint.  As a result, Plaintiff cannot pursue his claims under the above case number.

5  However, Plaintiff nonetheless may pursue his claims in a separate action by paying the filing

6  fee and filing a new complaint, making the same allegations made in this case.  The Court will

7  order the Clerk to refund the filing fee paid by Plaintiff in this action.[1]  Since Plaintiff does not

8  require an extension of time from the Court to file a new action, the Court need not reach the

9  merits of those requests, which are DENIED as moot.

10  **IV.   <u>CONCLUSION</u>**

11      For the reasons stated above,

12      IT IS HEREBY ORDERED THAT:

13      1.    Plaintiff's motion for disqualification (Docket 12) and motion for

14  reconsideration (Docket 9, 10) are DENIED.

15      2.    Plaintiff's motions for extension of time to pay the filing fee (Docket 13, 16) are

16  DENIED as moot.

17      3.    The Clerk shall forthwith refund the amount of $350 to Plaintiff Hung Ha.  The

18  refund check shall be sent to:

19          Hung Ha
            P. O. Box 367
20          Berkeley, CA  94701-0367

21      4.    The Court's Order of July 16, 2009 (Docket 7) is modified nunc pro tunc on

22  Page 6, line 4, to replace "without leave to amend" with "without prejudice."

23      5.    Plaintiff may file a new complaint against the same defendants and alleging the

24  same claims as this action, provided that he accompany such filing with the requisite $350

25  filing fee.  In the event Plaintiff chooses file a new action, he shall serve each Defendant with

26

27      [1] So that there is no ambiguity regarding the effect of the Court's prior dismissal on
    Plaintiff's ability to proceed with a paid Complaint, the Court will modify its Order of July 16,
28  2009 to reflect that that dismissal is "without prejudice."

1   Summons and the Complaint within the time-frame set forth in Federal Rule of Civil Procedure

2   4(m).

3         IT IS SO ORDERED.

4   Dated: March 16, 2010

5                                              SAUNDRA BROWN ARMSTRONG
                                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

           Plaintiff,

  v.

SWEET,B. et al,

           Defendant.
_____/

Case Number: CV09-01392 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hung Ha
P.O. Box 367
Berkeley, CA 94701-0367

Dated: March 17, 2010

                                Richard W. Wieking, Clerk

                                    By: LISA R CLARK, Deputy Clerk